IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

REBECA COTERA,

                Plaintiff,   Case No. 3:11-cv-1023-ST

     v.   FINDINGS AND
RECOMMENDATION

BAC HOME LOANS SERVICING, LP, fka
Countrywide Home Loans Servicing, a Texas
limited partnership; and RECONTRUST
COMPANY, N.A., a wholly-owned subsidiary
of Bank of America, N.A.,

                Defendants.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Rebeca Cotera ("Cotera"), originally filed this action in Multnomah County

Circuit Court on July 29, 2011, as *Cotera v. BAC Home Loans Servicing, LP, FKA Countrywide

Home Loans Servicing, et al.*, Case No. 1107-09862, against BAC Home Loans Servicing LP fka

1 - FINDINGS AND RECOMMENDATION

Countrywide Home Loans Servicing ("BAC") and ReconTrust Company, N.A., a wholly-owned subsidiary of Bank of America, N.A. ("ReconTrust").  Notice of Removal (docket #1), Ex. 1 (Complaint).  The allegations arise from a non-judicial foreclosure in Multnomah County initiated by BAC using ReconTrust as the foreclosure trustee.  Prior to initiation of the foreclosure, Cotera attempted to modify her mortgage loan with BAC but was unable to obtain a modification that was within her means.  Complaint, ¶ 9.

Seeking to stave off a looming foreclosure sale, Cotera filed the state court action alleging two claims that the foreclosure was unlawful because BAC and ReconTrust failed to comply with the requirements of ORS 86.735.  Cotera also alleged that the foreclosure was invalid because the Assignment of the Deed of Trust from the originating lender, which allegedly gave BAC the right to foreclose, was itself invalid.  The Complaint seeks only equitable relief, namely an injunction prohibiting the sale and a declaratory judgment that no sale could take place unless and until the defendants complied with the requirements of ORS 86.735.

A foreclosure sale was set for Monday, August 8, 2011.  However, on August 5, 2011, the state court granted a temporary restraining order ("TRO") which enjoined that foreclosure sale.  Plaintiff's Memorandum in Support of Motion for Remand to State Court (docket #8), Ex. 1.  The state court also set a hearing on a preliminary injunction for August 26, 2011.  The TRO was set to expire on the date and at the time set for the preliminary injunction hearing.

On August 23, 2011, defendants removed the case to this court, alleging jurisdiction based on diversity of citizenship under 28 USC § 1332.  Cotera has now filed a Motion for Remand to State Court (docket #7).  For the reasons that follow, the motion should be denied.

///

///

2 - FINDINGS AND RECOMMENDATION

# FINDINGS

Cotera contends that this court must decline to exercise jurisdiction over this case and remand it to state court based on the doctrine of prior exclusive jurisdiction. Even if the doctrine of prior exclusive jurisdiction is inapplicable, she urges this court to abstain from hearing this case based on considerations of federal-state comity and state sovereignty. For the reasons that follow, this court concludes that neither argument justifies declining to exercise jurisdiction over this case.

## I. Existence of Diversity Jurisdiction

Cotera is a citizen of Oregon.[1] BAC is a national banking association with its main office in Charlotte, North Carolina, as set forth in its Articles of Organization. Notice of Removal, ¶ 5(b). BAC is therefore a citizen of North Carolina for purposes of jurisdiction based on diversity of citizenship. 28 USC § 1348; *Wachovia Bank v. Schmidt*, 546 US 303, 318 (2006) (national banking association is a citizen of the state designated in its articles of association as its main office). ReconTrust is a national association with its main office in California and therefore is a citizen of California for purposes of jurisdiction based on diversity of citizenship. Notice of Removal, ¶ 5(c). The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, this court has jurisdiction based upon diversity of citizenship under 28 USC § 1332.

///

///

---

[1] Cotera alleges that she is a "resident" of Multnomah County, Oregon. Complaint, ¶ 1. "It is black letter law that, for purposes of diversity, '[r]esidence and citizenship are not the same thing.'" *Seven Resorts, Inc. v. Cantlen*, 57 F3d 771, 774 (9th Cir 1995), quoting *Mantin v. Broadcast Music, Inc.*, 244 F2d 204, 206 (9th Cir 1957). Diversity jurisdiction lies only where "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 US 61, 68 (1996). Cotera has not challenged defendants' assertion that the citizenship of the parties is completely diverse and this court therefore assumes that Cotera's state of citizenship is the same as her state of residence.

3 - FINDINGS AND RECOMMENDATION

## II. **Doctrine of Prior Exclusive Jurisdiction**

Despite the clear existence of diversity jurisdiction over her claims, Cotera contends that this court should remand this case back to state court based upon the prior exclusive jurisdiction doctrine. That doctrine "only concerns situations where two or more courts compete for control over the same *res*." *Karl v. Quality Loan Serv. Corp.*, No. 3:10-cv-00473-RCJ-VPC, 2011 WL 2792393 *4 (D Nev July 14, 2011). It is designed to avoid "unseemly and disastrous conflicts in the administration of our dual judicial system and to protect the judicial processes of the court first assuming jurisdiction." *Pennsylvania Gen. Cas. Co. v. Commonwealth of Pennsylvania ex rel. Schnader*, 294 US 189, 195 (1935) (citations omitted). Accordingly, "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Id*.

Here, only one case is pending, namely this case which has been removed from state court. Upon removal, the state court lost jurisdiction. *See Resolution Trust Corp. v. Bayside Developers*, 43 F3d 1230, 1238 (9th Cir 1994) (citing 28 USC § 1446(d) and noting that "the clear language of the general removal statute provides that the state court loses jurisdiction upon the filing of the petition for removal") (additional citations omitted). In that posture, where a single lawsuit filed in state court is later removed to federal court, the prior exclusive jurisdiction doctrine is not implicated. *See March v. Pinnacle Mortg. of Nev., LLC*, No. 3:11-cv-00319-RCJ-VPC, 2011 WL4809198, at *4 (D Nev Oct. 7, 2011) ("[T]he prior exclusive jurisdiction doctrine differ[s] from removal because, in removal, a state court loses jurisdiction upon the filing of the petition for removal . . . . As such, the prior exclusive jurisdiction doctrine does not apply."); *Martinez v. Bank of Am., N.A.*, No: 3:10-cv-00287-RCJ-RAM, 2010 WL 4290921, at *3 (D Nev Oct. 20, 2010) ("In this case, the prior exclusive jurisdiction rule does not apply because there is

no concurrent or subsequent case involving the subject property pending before the state court.");
*Karl*, 2011 WL 2792393, at *3 ("Plaintiff alleges the existence of only one (potentially) *in rem* action affecting the Property; the present action that has been removed from state court.  The Court does not lack jurisdiction under the prior exclusive jurisdiction doctrine simply because the present case originated in state court.").

Accordingly, to the degree it relies on the prior exclusive jurisdiction doctrine, Cotera's motion to remand is not well taken and should be denied.

### III.  Abstention

Cotera also argues that this court should abstain from hearing this case based on the principles the rationale enunciated in *Louisiana Power & Light Co. v. City of Thibodaux*, 360 US 25 (1959).

Federal courts "have a strict duty to exercise the jurisdiction that is conferred upon them by Congress."  *Quackenbush v. Allstate Ins. Co.*, 517 US 706, 716 (1996) (citations omitted).  However, that duty is not absolute and leaves room for a federal court to decline to exercise its jurisdiction:

> The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it.  Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest.

*County of Allegheny v. Frank Mashuda Co.*, 360 US 185, 188-89 (1959).

In *Thibodaux*, "the Supreme Court approved a district court's decision to abstain from hearing an eminent domain case where state law apportioning power between the city and the state was uncertain, and any decision by the federal district court would affect state sovereignty."

*City of Tucson v. U.S. West Commc'ns, Inc.*, 284 F3d 1128, 1134 (9th Cir 2002). Following that narrow exception to federal jurisdiction, *Thibodaux* abstention "is generally justified by disputes of law 'intimately involved with sovereign prerogative.'" *Snohomish Cnty. Pub. Hosp. Dist. 2 v. Shattuck Hammond Partners, LLC*, No. 2:10-CF-01935-MJP, 2011 WL 321827, at *3 (WD Wash Feb. 1, 2011), citing *Thibodaux*, 360 US at 28. It is also justified where "there are difficult questions of state law involving policy considerations that transcend the result in the case at the bar." *American Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F2d 1253, 1257 (9th Cir 1988), citing *Thibodaux*, 360 US at 29.

Cotera seeks abstention based on the conflicting decisions by Oregon circuit courts − and the lack of a decision by the Oregon appellate courts − on the issue of whether the recording practices of the Mortgage Electronic Registration System (MERS) comply with the Oregon Trust Deeds Act, ORS 86.735. However, unsettled state law alone does not permit a federal court to abstain: "We would negate the history of the enlargement of the jurisdiction of the federal district courts, if we held the federal court should stay its hand and not decide the question before the state courts decided it." *Wisconsin v. Constantineau*, 400 US 433, 439 (1971). Contrasting two seminal Supreme Court decisions on the topic decided the same day, the Ninth Circuit has noted that the "implication of *Thibodaux* and *County of Allegheny* is that abstention under *Thibodaux/Burford*[2] in cases removed to federal court is inappropriate when the state court from which the case was removed is in no better position to protect the state interests arguably impaired by the exercise of federal jurisdiction." *Hawthorne Savings F.S.B. v. Reliance Ins. Co.*

---

[2] "The *Burford* abstention doctrine arose from a case challenging the actions of the Texas Railroad Commission during the 1930's. * * * Courts and commentators alike are split on whether *Thibodaux* is a separate abstention doctrine, as opposed to a special form of *Burford* abstention." *Hawthorne Sav. F.S.B.*, 421 F3d at 844, 846 n9, citing *Burford v. Sun Oil Co.*, 319 US 315 (1943) (remaining citation omitted).

6 - FINDINGS AND RECOMMENDATION

*of Illinois*, 421 F3d 835, 846 n9 (9th Cir 2005), *opinion amended and superseded by* 433 F3d 1089 (9th Cir 2006).

While this case arguably involves difficult and unsettled questions of state law, those legal issues are neither intimately involved with sovereign prerogative nor bear "on policy problems so important that they transcend the result in this case." *Kern-Tulare Water Dist. v. City of Bakersfield*, 828 F2d 514, 517 (9th Cir 1987), *cert denied*, 486 US 1015 (1988). Accordingly, after an exhaustive review of the record and the parties' arguments, this court concludes that no exceptional circumstances exist sufficient to justify abstention under *Thibodaux* and its progeny.

## RECOMMENDATION

Based on the foregoing, Cotera's Motion to Remand to State Court (docket #7) should be DENIED.

## SCHEDULING ORDER

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due November 14, 2011. If no objections are filed, then these Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

DATED this 3rd day of November, 2011.

                                                  s/ Janice M. Stewart_____
                                                  Janice M. Stewart
                                                  United States Magistrate Judge